UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KAYLON BERNARD, ET AL.**                    **CIVIL ACTION NO.**

**VERSUS**                                    **22-313-SDD-EWD**

**ZURICH AMERICAN INSURANCE COMPANY, ET AL.**

### NOTICE AND ORDER

This is a civil action involving claims for damages allegedly sustained by Kaylon Bernard ("Kaylon") and Reva Bernard ("Reva") ("Plaintiffs") because of a May 9, 2021 motor vehicle collision.[1] Specifically, Plaintiffs claim that they sustained "severe personal injuries to their heads, necks, backs, shoulders, arms and/or other anatomy" when a vehicle driven by Austin Farrow ("Farrow") "failed to stop and caused a forcible and violent impact with the rear end" of a vehicle driven by Bernette Sibley ("Sibley"), who was stopped behind Plaintiffs' vehicle, and "forcibly and violently pushed [Sibley's vehicle] into the rear" of Plaintiffs' vehicle.[2] Plaintiffs also allege that at the time of the collision, (1) Andale Ready Mix Central, Inc. ("Andale") owned the vehicle driven by Farrow, and (2) Zurich American Insurance Company ("Zurich") issued an automobile liability insurance policy to Andale and/or Farrow.[3] On April 13, 2022, Plaintiffs filed a Petition for Damages against Farrow, Andale, and Zurich (collectively, "Defendants") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana.[4] Defendants removed the matter on May 13, 2022, asserting federal subject matter jurisdiction under 28 U.S.C. § 1332.[5]

Proper information regarding the citizenship of all parties, and the amount in controversy,

---

[1] R. Doc. 1-1.
[2] *Id*. at ¶ 11.
[3] *Id*. at ¶¶ 5, 10.
[4] *Id*.
[5] R. Doc. 1, ¶ 2.

1

is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court.

While it appears from the Notice of Removal that complete diversity of citizenship exists,[6] it is not clear from the Notice of Removal or the Petition whether Kaylon or Reva's claims likely exceed $75,000, exclusive of interest and costs.[7] The Petition alleges that Plaintiffs "sustained severe personal injuries to their heads, necks, backs, shoulders, arms and/or other anatomy, which continue to cause Plaintiffs physical and mental pain and suffering."[8] Plaintiffs each seek the following damages: (1) past and future medical and related expenses; (2) past and future physical pain and suffering; (3) past and future impairment and/or disability; (4) past and future loss of enjoyment of life; (5) past and future loss of wages; (6) past and future loss of earning capacity; (7) property damages, towing expenses, storage expenses, and rental expenses; (8) diminished value of vehicle; and (9) past and future out of pocket expenses.[9] In the Notice of Removal, Defendants "submit it is apparent from the face of the Petition that the amount in controversy exceeds $75,000, exclusive of interest and cost," based on (1) the foregoing injury and damages allegations, (2) information about Plaintiffs' injuries and treatment contained in their respective medical records in Defendants' possession and attached to the Notice of Removal, and (3)

---

[6] Per the Notice of Removal and Petition, Plaintiffs Kaylon and Reva are each alleged to be "domiciled in and…citizen[s] of Louisiana," Farrow is alleged to be "domiciled in and…a citizen of Texas," Kansas is alleged to be the place of incorporation and principal place of business for Andale, a corporation, and Zurich is alleged to be a corporation incorporated in New York with its principal place of business in Illinois. R. Doc. 1, ¶ 23; R. Doc. 1-1, at introduction and ¶ 1. Accordingly, the parties are completely diverse, as Plaintiffs are citizens of Louisiana and Defendants are citizens of Illinois, Kansas, New York, and Texas.

[7] *See* 28 U.S.C. § 1332(a). *See also Digilormo v. Capital One, N.A.*, 2014 WL 20118303, * (W.D. La. May 16, 2014) (discussing aggregation of claims, and noting that, "[i]n short, the [husband and wife's] claims, while jointly triable, belong to each Plaintiff for jurisdictional purposes; therefore, Defendant may not aggregate the claims to meet the minimum amount in controversy."). Because Kaylon and Reva each have their own claims (*i.e.*, rights of recovery against Defendants), the value of their claims cannot be aggregated to satisfy the amount in controversy requirement required for diversity jurisdiction. However, if Defendants show by a preponderance of the evidence that either Kaylon or Reva's claims likely exceed $75,000, exclusive of interest and costs, the Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the other Plaintiff's claims against Defendants.

[8] R. Doc. 1-1, ¶ 11.

[9] *Id.* at ¶ 13.

Plaintiffs' failure to include a Louisiana Code of Civil article 893 allegation in the Petition.[10]

"Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[11] Plaintiffs' vague allegations of "severe personal injuries to their heads, necks, backs, shoulders, arms and/or other anatomy," along with demands for general categories of damages (*e.g.*, physical pain and suffering; mental and emotional distress; medical and related expenses; impairment and/or disability; loss of enjoyment of life; loss of wages; loss of earning capacity; property damage, towing expenses, storage expenses, and rental expenses; diminished value of vehicle; etc.)[12] are insufficient to establish the amount in controversy.

Next, Defendants attempt to show that the amount in controversy is satisfied through information purportedly contained in Plaintiffs' medical records. Specifically, Defendants allege that Kaylon's medical records show (1) that he is "alleging injuries to his neck and back," (2) that he "initially treated at Lakeview Regional Medical Center," (3) that Kaylon has treated with Dr. Steve Lee at the Advanced Pain Institute from May 18, 2021 through "as recent[ly] as March 4, 2022," and (4) that his treatment included (a) "a cervical ESI, a lumbar cervical medical [sic] branch block, and a radiofrequency ablation at levels L3-4, L4-5, and L5-S1," and (b) a June 10, 2021 cervical MRI that "reveal[ed] a C4-5 annular fissure with bulging of the disc and a C5-6 disc bulge."[13] Similarly, Defendants allege that Reva's medical records show (1) that she "has treated for neck and back pain," (2) that she "initially treated at Lakeview Regional Medical Center," (3)

---

[10] *See* R. Doc. 1, ¶¶ 6 – 22.
[11] *Davis v. JK & T Wings, In*c., No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), and cited cases.
[12] R. Doc. 1-1, ¶¶ 11, 13.
[13] R. Doc. 1, ¶ 11-14. *See also* R. Docs. 1-2, 1-3, 1-4, 1-5.

3

that Reva has treated with Dr. Steve Lee at the Advanced Pain Institute from May 18, 2021 through "as recent[ly] as March 23, 2022," and (4) that her treatment included (a) a cervical epidural steroid injection at C6-7, lumbar medial branch blocks from L3-L5-S1, and radiofrequency ablation from L3-L5-S1," and (b) a cervical MRI that "revealed a bulge at C6-7."[14] After admitting that they do not have "complete medical bills" for either Plaintiff, Defendants allege that Kaylon and Reva have incurred $17,700 and $16,900, respectively, in medical expenses over the course of their treatment with Dr. Lee.

While the Notice of Removal and the attached medical records present additional facts with respect to Plaintiffs' injuries and damages, they are likewise insufficient to establish that the amount in controversy is met. Specifically, the Notice of Removal reflects that Plaintiffs were both diagnosed with bulging discs for which they received injections, medial branch blocks, and radiofrequency ablations.[15] Bulging discs, even treated with steroid injections, have been held insufficient to establish the amount in controversy;[16] and "[t]his court recognizes that '[w]hether or not a herniated disc satisfies the amount in controversy often turns on whether surgery is recommended.'"[17] There is no surgery recommendation in the record for either Kaylon or Reva.

---

[14] *Id*. at ¶¶ 17-20. *See also* R. Docs. 1-6, 1-7, 1-8, 1-9, 1-10.
[15] *Id*. at ¶¶ 12-13, 18-19.
[16] *See Shelton v. Hallmark Trucking Ins. Co.,* No. 17-1683, 2018 WL 1998341, at *4 (M.D. La. Mar. 27, 2018), *report and recommendation adopted sub nom., Shelton v. Hallmark Specialty Ins. Co.,* No. 17-01683, 2018 WL 1997543 (M.D. La. Apr. 27, 2018): "[A] general review of quantum cases demonstrates that general damages awards for multiple bulging discs often (if not more often than not) do not exceed $30,000-$45,000, even where the plaintiff is actually treated with steroid injections," citing *Cole v. Mesilla Valley Transportation*, No. 16-841, 2017 WL 1682561, *5 (M.D. La. March 14, 2017) (citations omitted).
[17] *Thomas v. Louis Dreyfus Commodities, LLC,* No. 15-394, 2016 WL 1317937, at *4 (M.D. La. Mar. 11, 2016), *report and recommendation adopted,* No. 15-394, 2016 WL 1337655 (M.D. La. Apr. 1, 2016), *citing Robinson v. Kmart Corp.*, No. 11–12, 2011 WL 2790192, at *4, n. 4 (M.D. La. Apr. 28, 2011), *report and recommendation adopted,* 2011 WL 2937952 (M.D. La. July 14, 2011)). Accordingly, courts have found the lack of a recommendation for surgery to be significant in determining whether a plaintiff seeking damages including those for a herniated disc meets the amount in controversy requirement when balanced with other factors in the record. *See, e.g., Hebert v. Hanco Nat. Ins. Co*., No. 07–362, 2009 WL 255948, at *4-5 (M.D. La. Feb. 3, 2009) (amount in controversy not satisfied where plaintiff "suffers from a herniated disc, without any recommendation for surgery" and the plaintiff "continues to work, continues to engage in activities of daily living, and does not seek damages for mental anguish"); *Espadron v. State Farm Mut. Auto. Ins. Co.,* No. 10–53, 2010 WL 3168417 (E.D. La. Aug. 9, 2010) (amount in controversy not satisfied where plaintiff in car crash suffered a "herniated cervical disc [or] segmental cervical

Defendants have not provided any details about Kaylon's or Reva's prognosis or recommended future treatment, whether Kaylon or Reva has been recommended for surgery, the total amount of medical expenses Kaylon or Reva has incurred, the extent of any "impairment and/or disability" suffered by Kaylon or Reva, the extent of "property damage" or "diminished value of vehicle" suffered by Plaintiffs, or whether Kaylon or Reva is working/can work. According to the Notice of Removal, Kaylon and Reva have incurred only about $17,000 in medical expenses each over the course of about eleven months of treatment (*i.e.*, from May 2021 through March 2022).[18] Likewise, there is no specific information about either Plaintiffs' claims for lost wages and/or loss of earning capacity. Further, there is also no evidence of any settlement demand, discovery responses, or other relevant documents that would bear on the amount in controversy. While the Petition does allege that Plaintiffs seek more than $50,000.00, that also is not sufficient to establish that either Plaintiff's individual damages likely exceed $75,000, exclusive of interests and costs.[19]

Lastly, the lack of an Article 893 statement in the Petition, is insufficient to establish that the requisite amount in controversy is met.[20] Defendants have not yet met their burden of establishing that the amount in controversy is satisfied as to either Plaintiffs' claims.[21] Although

---

instability" and a "herniated lumbar disc [or] segmental lumbosacral instability" and was a "potential surgical candidate" and plaintiff stipulated that his damages did not exceed $50,000). The records submitted do not establish that either Plaintiff has a disc herniation, and a disc bulge is generally considered a less serious injury.

[18] R. Doc. 1, ¶¶ 10-11.

[19] R. Doc. 1-1, ¶ 1.

[20] *See Ford v. State Farm Mut. Auto. Ins. Co.,* No. 08-403, 2009 WL 790150, at *4 (M.D. La. Mar. 25, 2009) (noting: "…all three U.S. District Courts in the State of Louisiana have recognized that the failure to include an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy. *See Weber v. Stevenson*, 2007 WL 4441261 (M.D. La. 2007) (While the failure to include an allegation in the state court petition that one's damages are less than the federal jurisdictional minimum in accordance with La. C.C.P. art. 893 is entitled to 'some consideration, it is not, in and of itself, determinative of the amount in controversy. A finding that the failure to include the '893' allegation resulted in the satisfaction of the jurisdictional minimum would be tantamount to finding that subject matter jurisdiction may obtain from a procedural omission, which is unsupportable.")..

[21] As one court recently noted, "[i]f the removing defendant does not have facts sufficient to support removal when the original petition is received, it is the removing defendant's responsibility to discovery those facts *before* effecting removal. That is precisely why the 'other paper' removal rule exists, to ensure that removals will not be filed 'before their factual basis can be proven [by the removing defendant] by a preponderance of the evidence.'" *Bonvillian v. National Liability & Fire Ins. Co.*, No. 16-1708, 2017 WL 892311, at *3 (W.D. La. Feb. 1, 2017), quoting *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002)). The Fifth Circuit has repeatedly cautioned against protective

Plaintiffs have not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the amount in controversy requirement has been met.[22]

Accordingly,

**IT IS ORDERED** that by no later than **June 22, 2022,** Defendants shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED** that by no later than **July 6, 2022,** Plaintiffs shall file either: (1) a Notice stating that Plaintiffs do not dispute that Defendants have established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, June 7, 2022.

                                                  **ERIN WILDER-DOOMES**
                                                  **UNITED STATES MAGISTRATE JUDGE**

---

removals and has established timing rules that allow a defendant to engage in discovery regarding the amount in controversy before filing a notice of removal. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 162 (5th Cir. 1992); *Mumfrey v. Powermatic, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013); *Bosky*, 288 F.3d at 211. Defendants are advised that requests for jurisdictional discovery regarding the amount in controversy are generally denied as a matter of course. *See, e.g., Hopkins v. Crown Assocs., LLC,* No. 18-595, 2018 WL 8496020, at *8 (M.D. La. Oct. 25, 2018), *report and recommendation adopted sub nom., Hopkins v. Crown Associated, LLC,* No. 18-595, 2019 WL 1199470 (M.D. La. Mar. 14, 2019).

[22] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").